**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: CHANTIX (VARENICLINE) MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION II** | 22-MD-3050 (KPF) <br> 22-MC-3050 (KPF) |

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR PRELIMINARY APPROVAL**

WHEREAS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, (i) Consumer Plaintiffs Juan Abreu, Theresa Baptiste, Timothy Bleeker, Harold Bradley, Sharon Carroll, Karen Duff, Albert Edwards, Tara Evans, Lillian Forrest, Kimberly Hill, Valerie Hogue, Douglas Houghton, James Jacobson, Tammy LaMotte, Kathleen Lima, Debra Seeley, Daniel Spence, Hazel Taylor, Carita Thompson, Daphne Walter, Shannon Webb a/k/a Shannon Alicea, (the "Consumer Plaintiffs"); (ii) Third-Party Payor Plaintiffs County of Monmouth, MSP Recovery Claims Series 44, LLC, MSP Recovery Claims, Series LLC, and Ohio Carpenters' Health Fund  (the "TPP Plaintiffs," and collectively with the Consumer Plaintiffs, the "Plaintiffs"); (iii) the Settlement Class (as defined herein); and (iv) Defendant Pfizer Inc., defined herein to include each and all of its current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, or related corporate entities, and each and all of their respective current, future, and former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, any trust of which Defendant is a settlor, trustee or beneficiary, heirs, executors, administrators, successors, affiliates, and assigns of each of them ("Pfizer" or "Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties") seek entry of an order preliminarily approving the settlement of this action pursuant to the Settlement Agreement

fully executed on May 18, 2026 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for the proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court having read and considered the Settlement Agreement and exhibits attached thereto, and Plaintiffs' Unopposed Motion for Preliminary Approval, Plaintiffs' Motion is GRANTED.

IT IS HEREBY ORDERED as follows:

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth therein.

2.      This Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Defendant, and any party to any agreement that is part of, or related, to the Settlement.

3.      The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose negotiations were supervised by an experienced mediator.  The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal.  The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies.

4.      The Court preliminarily approves the Settlement as being fair, reasonable, and adequate, and finds that it otherwise meets the criteria for approval, subject to further consideration

2

at the Final Approval Hearing described below and warrants issuance of notice to the Settlement

Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds, upon

preliminary evaluation and for purposes of Settlement only, that it will likely be able to certify the

Settlement Class as follows:

> All individuals and third-party payors who paid any amount of
> money for retail purchases of Chantix in the United States and its
> territories from September 29, 2015 through September 17, 2021.

6.      The Court preliminarily finds that the Settlement is likely to receive final approval

and the Settlement Class will likely be certified.  The Court concludes that the Settlement Class

satisfies the requirements of Rule 23(a) and (b)(3): (a) the Settlement Class is so numerous that

joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of

law and fact common to the Settlement Class that predominate over any individual questions; (c)

the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class

Counsel have and will continue to fairly and adequately represent and protect the interests of the

Settlement Class; and (e) a class action is superior to all other available methods for the fair and

efficient adjudication of the controversy.

7.      The Court appoints Ruben Honik and David J. Stanoch of Honik LLC, Charles E.

Schaffer of Levin Sedran & Berman LLP, and Joseph Guglielmo of Scott + Scott Attorneys at Law

LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules

of Civil Procedure are satisfied by this appointment.

8.      The Court hereby appoints Third-Party Payor Plaintiffs County of Monmouth, MSP

Recovery Claims Series 44, LLC, MSP Recovery Claims, Series LLC, and Ohio Carpenters'

Health Fund and Consumer Plaintiffs Juan Abreu, Teresa Baptiste, Timothy Bleeker, Harold

Bradley, Sharon Carroll, Karen Duff, Albert Edwards, Tara Evans, Lillian Forrest, Kimberly Hill,

Valerie Hogue, Douglas Houghton, James Jacobson, Tammy LaMotte, Kathleen Lima, Debra Seeley, Daniel Spence, Hazel Taylor, Carita Thompson, Daphne Walter, and Shannon Webb a/k/a Shannon Alicea to serve as class representatives on behalf of the Settlement Class.

9.      The Court approves the form and content of the Notice. The Court finds that providing notice to the Settlement Class substantially in the manner and form set forth in the Notice Plan described in the Settlement Agreement satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to such Notice.

a.      On or before **June 29, 2026**, the Settlement Administrator shall cause the Notice to be disseminated to Settlement Class Members in the form and manner set forth in the Settlement Agreement (the "Notice Date").  The Court authorizes the Parties to make non-material modifications to the Notice prior to publication if they jointly agree that any such changes are necessary and reasonable under the circumstances.

b.      Prior to Notice being disseminated, the Settlement Administrator shall also set up a dedicated website that will include the Notice, Claim Forms, Settlement Agreement, and other relevant materials.

c.      On or before **September 14, 2026**, the Settlement Administrator shall file with the Court a declaration setting forth the details of the notice provided pursuant to this Order and the Settlement Agreement.

10.     The Claim Forms are approved for dissemination to the Settlement Class Members, subject to any non-material changes to which the parties may agree.

11.      The Court hereby appoints A.B. Data, Ltd. to serve as the Settlement Administrator to supervise and administer the notice procedures, administer the claims processes, distribute

4

payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of Notice administration that are reasonably necessary or provided for in the Settlement Agreement, and any applicable Court Orders.

12.     If Settlement Class Members do not wish to participate in the Settlement Class, Settlement Class Members may exclude themselves by submitting a request for exclusion.  All requests by Settlement Class Members to be excluded from the Settlement Class must be submitted in writing either online through the Settlement Website or mailed to Settlement Administrator at the address specified in the Notice by the date specified in the Preliminary Approval Order and recited in the Notice, which shall be ninety (90) days after Preliminary Approval.  The Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court and Class Counsel no later than one hundred and five (105) days after Preliminary Approval, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Judgment.

13.     If a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written request for exclusion must state in writing the Settlement Class Member's name, address, and that he/she purchased Chantix from September 29, 2015 through September 17, 2021.  Any request for exclusion must be personally signed by each person requesting exclusion.

14.     No request for exclusion will be valid unless all of the required information described above is included.  All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendant.

15.     Any Settlement Class Member who has not previously submitted a request for exclusion in accordance with the terms of this Settlement Agreement may appear at the Final Approval Hearing to object and argue that the proposed Settlement should not be approved. However, in order to be heard at the Final Approval Hearing, the Settlement Class Member must make an objection in writing and file it, along with a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear").  All objections and Notices of Intention to Appear must be filed with the Court on or before **August 31, 2026**, in accordance with the requirements set forth in the Settlement Agreement.

16.     To state a valid objection to the Settlement, a Settlement Class Member must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).  Objections shall be filed via the Court's electronic filing system, and if not filed via the Court's electronic system, must be mailed, postmarked by the date specified herein, to the Court and also served by first-class mail upon:

> Clerk of the Court
> United States District Court
> Southern District of New York
> Thurgood Marshall
> United States Courthouse

40 Foley Square
New York, NY 10007

Class Counsel for Consumer and TPP Class:

Ruben Honik
David J. Stanoch
HONIK LAW
1515 Market Street, Ste. 110
Philadelphia, PA, 19102

Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone (215) 592-1500
cschaffer@lfsblaw.com

Joseph Guglielmo
SCOTT + SCOTT ATTORNEYS AT LAW LLP
The Helmsley Bldg.,
230 Park Ave.
17th Floor
New York, NY 10169
Phone (212) 223-4478
jguglielmo@scott-scott.com

17.     Any Settlement Class Member who does not make his or her objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement.

18.     Objections and requests for exclusion shall be permitted on an individual basis only. Any purported "class-wide" objections or opt-outs will be construed as being submitted only on behalf of the person (defined herein to include a TPP entity) who actually submitted the request for exclusion or objection.

19.     The Final Approval Hearing shall be held no earlier than 120 days after Preliminary Approval.    The    Court    hereby    schedules    the    Final    Approval    Hearing    for

**September 29, 2026**, at **10:00 a.m.** in Courtroom 618 of the United States District Court  for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving such Settlement, and whether Plaintiffs' application for attorneys' fees and expenses, which shall then be allocated to all Plaintiffs' counsel via a common benefit allocation, and for service awards to the class representatives, should be approved.  The Court may adjourn and reschedule the Final Approval Hearing without further notice to Settlement Class Members.

20.    Plaintiffs' application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

21.    Papers in support of final approval of the Settlement shall be filed on or before **September 14, 2026**.    Papers in support of Plaintiffs' application for attorneys' fees, expenses, and costs and for service awards shall be filed on or before **September 14, 2026**.

22.    Settlement Class Members shall have until **August 31, 2026**, to submit Claim Forms.  Claim Forms must be postmarked by that date to be considered timely.

23.    If the Settlement fails to become effective in accordance with its terms, or if the Final Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void,

the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

24.     The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Judgment, and/or the Settlement.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

26.     Pending further order of the Court, this Action, except for the actions taken as outlined in the Settlement Agreement, is hereby STAYED.

9

**IT IS SO ORDERED on this** ___1st___ **day of** ___June___, **2026.**


_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE



The Clerk of Court is directed to terminate the pending motion at
docket entry 129.