**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>CHANTIX (VARENICLINE) MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>*This Document Relates to All Actions* | 22-MD-3050 (KPF)<br>22-MC-3050 (KPF) |

**JUDGMENT AND ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, on May 18, 2026, the Parties to the above-captioned action (the "Action") entered into a Class Action Settlement Agreement ("Settlement Agreement"), which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and dismissal with prejudice of the claims alleged in the Action;

WHEREAS, on June 1, 2026, the Court entered an order preliminarily approving the Settlement (ECF No. 133) ("Preliminary Approval Order") which, *inter alia*, found that the Parties had made the required showings under FED. R. CIV. P. 23(e)(1)(B), and approved the form and manner of notice of the Settlement to be given to the Settlement Class;

WHEREAS, it appears in the record that the Notice substantially in the form approved by the Court in its Preliminary Approval Order was mailed to all reasonably identifiable Settlement Class Members and posted on the settlement website established by the Settlement Administrator in this matter in accordance with the Preliminary Approval Order;

WHEREAS, it appears in the record that the summary notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Approval Order;

WHEREAS, on September 28, 2026, the Parties submitted a stipulated Amendment to Settlement Agreement to address a scrivener's error in the text of the Settlement Agreement regarding exclusions from the Settlement Class (ECF No. 142);

WHEREAS, on the 13th day of October 2026, following issuance of notice of the Settlement to the Settlement Class, the Court held a Fairness Hearing to determine: (1) whether the terms and conditions of the Settlement Agreement of Settlement are fair, reasonable, and adequate, and should be approved; (2) whether judgment should be entered dismissing, with prejudice, all claims asserted in the Action; (3) whether to approve the proposed allocation of the Settlement Fund as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Class Counsel attorney's fees and expenses; and (5) whether to grant a Service Award to Plaintiffs; and

WHEREAS, the Court has considered all matters and papers submitted to it at or in connection with the Fairness Hearing and otherwise;

IT IS hereby ORDERED, ADJUDGED AND DECREED:

1. The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2. For purposes of effectuating the Settlement, this Court has jurisdiction of the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties and each of the Settlement Class Members.

3. The Court finds that, for Settlement purposes only, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that:

a. the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

b. there are questions of law and fact common to the Settlement Class;

c. the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; and

d. Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class.

4. The Court further finds that, for Settlement purposes only, the requirements for certification of a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have also been satisfied in that:

a. questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

b. a class action is superior to other available methods for the fair and efficient adjudication of the claims at issue, considering:

i. the class members' (lack of) interests in individually controlling the prosecution or defense of separate actions;

ii. the extent and nature of any litigation concerning the controversy already begun by or against class members;

iii. the desirability of concentrating the litigation of the claims in this particular forum; and

iv. the (lack of) likely difficulties in managing a class action (given, *inter alia*, that the proposed class here would be certified in the context of a settlement).

5. Accordingly, the Court certifies this Action as a class action, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a Class (the "Settlement Class") consisting of all individuals and third-party payors who paid any amount of money for retail purchases of Chantix in the United States and its territories from September 29, 2015 through September 17, 2021. Excluded from the Settlement Class are (i) Pfizer and its officers, directors, managers, employees, subsidiaries, and affiliates; (ii) government agencies or governmental actors, including, without limitation, any state Attorney General office, other than government-funded employee benefit plans; (iii) counsel for the Parties in this action

and their respective law firms; (iv) any judge to whom this action is assigned, along with his or her staff; and (v) all Persons who validly opted out of the Settlement Class in this Action.

6. For purposes of this Settlement only, the Court appoints Ruben Honik and David J. Stanoch of Honik LLC, Charles E. Schaffer of Levin Sedran & Berman LLP, and Joseph Guglielmo of Scott+Scott Attorneys at Law LLP as Class Counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and in negotiating the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

7. The Court finds that the dissemination of the Notice and the publication of the Summary notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted due and sufficient notice of these proceedings and the matters set forth herein (including the Settlement, the allocation plan, the right to exclude themselves from the Settlement Class, and the right to appear at the Fairness Hearing) to all persons and entities entitled to such notice; and (d) met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. §1715, have been satisfied.

8. No Settlement Class Member is or shall be relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Agreement, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement (and to participate in the hearing thereon), or to exclude themselves from the Settlement

Class, and there were no objections to the Settlement or the allocation plan and one request for exclusion from the Settlement Class by Central Missouri Pizza, Inc.

9. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to Plaintiffs and the Settlement Class. Specifically, the Court finds that (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class in connection with the Action and the Settlement; (b) the Settlement was negotiated by the Parties at arm's length between experienced counsel representing the interests of Pfizer and the Settlement Class, and with the assistance of an independent and highly experienced mediator; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal and the proposed means of distributing the Settlement Fund to the Settlement Class; and (d) the Settlement treats all members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

10. The Action and all of the claims asserted against Pfizer in the Action by Plaintiffs and on behalf of the other Settlement Class Members are hereby dismissed with prejudice as to all Released Parties. The Parties shall bear their own costs and expenses, except as expressly provided in the Settlement Agreement.

11. The terms of the Settlement Agreement and of this Judgment shall be forever binding on Pfizer, Plaintiffs, and all other Settlement Class Members (regardless of whether or not

any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

12. All Released Claims, as defined in the Settlement Agreement, are released in accordance with, and as provided in, the Settlement Agreement. Accordingly, this Court orders that:

a. Upon the Effective Date, Plaintiffs and those Settlement Class Members who do not validly and timely opt out of the Settlement Class, and all those who claim through them or who assert or could assert claims on their behalf, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Parties all Released Claims (including, without limitation, any Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement or resolution of this Action or the Released Claims, and permanently bars and enjoins the Releasing Parties from instituting, filing, commencing, prosecuting, maintaining, continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or in any other capacity of any kind whatsoever, any action in any state court, federal court, or any other tribunal, forum, or proceeding of any kind, against the Released Parties that asserts any Released Claims.

13. All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise. No Settlement Class Member will be relieved from the terms and conditions

of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14. Plaintiffs and all Settlement Class Members are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Releasing Parties against any of the Released Claims. The Released Claims do not encompass any claims for medical monitoring or personal injury related to the purchase or use of Chantix. Claims to enforce the terms of the Settlement Agreement are not released.

15. Neither this Final Judgment, nor the Settlement Agreement (whether or not consummated, and including the exhibits thereto and the allocation plan or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement, or the approval of the Settlement (including any arguments proffered in connection therewith) shall be:

a. offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

b. offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or

c. construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or to otherwise enforce the terms of the Settlement; and provided, further, notwithstanding the foregoing, any of the Released Persons may file the Settlement Agreement, this Final Judgment, or order of the Court related hereto in any other action that has been or may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court hereby finds that the allocation plan is fair and reasonable, and the Settlement Administrator is directed to administer the Settlement in accordance with the Settlement Agreement and the allocation plan.

17. The Court hereby finds and concludes that the formula for the calculation of the Approved Claims, which was set forth in the Notice sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Settlement Agreement among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

19. Without further order of the Court, the Parties may agree in writing to such amendments, modifications, and expansions of the Settlement Agreement and reasonable extensions of time to carry out any of the provisions of the Settlement Agreement, provided that such amendments, modifications, expansions, and extensions do not materially alter the rights of the Settlement Class Members, Releasing Parties, or Released Parties under the Settlement Agreement.

20. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees, costs, and expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion for a Service Awards payable from the Settlement Fund; (e) all Parties hereto for the purpose of construing, enforcing, and administrating the Settlement Agreement; and (f) the Settlement Class Members for all matters relating to the Action.

21. A separate order shall be entered regarding (a) the Fee and Expense Award; and (b) the motion for Service Awards to Plaintiffs. Such order shall in no way affect or delay the finality of this Final Judgment and shall not affect or delay the Effective Date of the Settlement.

22. If the Effective Date of the Settlement fails to occur, then, in any such event, (a) this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided in the Settlement Agreement, and this Order shall be without prejudice to any Party; (b) the Settlement Agreement, including any amendment(s) thereof, shall be null and void and of no further force or effect (except to the extent otherwise expressly provided in the Settlement Agreement), without prejudice to any Party, and may not be introduced as evidence or referred to in the Action, or any action or proceeding by any Person for any purpose, and (c) each Party shall be restored to his, her, or its respective position as it existed immediately prior to March 11, 2026, and the Parties shall promptly confer on a new scheduling Settlement Agreement to govern further proceedings in the Action, as provided in the Settlement Agreement.

23. There is no just reason for delay in the entry of this Final Judgment. Accordingly, the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case (1:22-md-03050-KPF; 1:22-mc03050-KPF), as well as the following constituent cases in this multi-district litigation: 1:22-cv-01433-KPF; 1:22-cv-09837-KPF; 1:23-cv-00094-KPF; 1:23-cv-00095-KPF; 1:23-cv-00096-KPF; 1:23-cv-00097-KPF; 1:23-cv-00098-KPF; 1:23-cv-00116-KPF; 1:23-cv-00202-KPF; 1:23-cv-00203-KPF; 1:23-cv-00204-KPF; 1:23-cv-00205-KPF; 1:23-cv-00206-KPF; 1:23-cv-00207-KPF; 1:23-cv-00208-KPF; 1:23-cv-00211-KPF; and 1:23-cv-00396-KPF.

Dated: October 13, 2026
New York, New York

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE